**Matthew T. WEBB, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary, Health, Education and Welfare, Defendant.**

**Civ. A. No. 70–C–69–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Feb. 23, 1971.

B. K. Cruey, Bates, Cruey & Lee, Roanoke, Va., Eugene K. Street, Grundy, Va., and Michael S. Ferguson, Roanoke, Va., for plaintiff.

Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

OPINION and JUDGMENT

DALTON, Chief Judge.

The plaintiff has brought this action pursuant to 42 U.S.C.A. § 405(g) to set aside the defendant's denial of disability insurance benefits. On May 15, 1968 the plaintiff filed an application for benefits alleging that he became disabled on January 10, 1968. This application was denied initially, and again on reconsideration, then by the hearing examiner, and finally by the Appeals Council.

The claimant was born on July 29, 1918 and only progressed through the fourth grade in school. He served in World War II and received an honorable discharge. Physical labor is the primary element of his work background. Re-

ports of a number of his medical examinations are present in the record.

Mr. Webb was hospitalized for over two weeks in March, 1968 and a report of his condition was prepared by Dr. T. R. Hood of the Pulmonary Disease Section of the VA Hospital in Richmond. During his stay Webb was awarded a Veterans Administration disability pension. It was noted that arterial blood gas studies indicated "moderate airway obstruction" and that "it was felt he (the patient) could probably continue to attempt work as a truck driver." A report by Dr. D. S. Myers of Hot Springs, Virginia specified diagnoses of chronic bronchitis and pulmonary emphysema but did not give any details as to the severity of the condition.

The claimant received a full examination from Dr. Edward U. Scherer, Jr. of the Chesapeake and Ohio Hospital, Department of Internal Medicine. The latter's report mentioned diagnostic impressions of exogenous obesity, chronic bronchitis, and possible arteriosclerotic heart disease with anginal syndrome. He concluded:

> It is may (sic) impression that there would be minimal functional limitations imposed on this claimant for standing, bending, walking, stooping, or squatting, or lifting, etc. if he does not have an anginal problem. * * *
>
> * * * One would be inclined to attribute his restrictive insufficiency at least in good part due (sic) to his obesity.

Dr. Charles F. Ballou, III of the same hospital interpreted some pulmonary function studies of the plaintiff, "This patient has a marked restrictive insufficiency and some obstructive symptoms."

A report dated September 9, 1969 by Dr. Larry R. Denius of Hot Springs, Virginia lists diagnoses of chronic bronchitis and chronic obstructive pulmonary emphysema, mild to moderate. He noted:

> This patient is not able to do heavy work, but I see no good reason why he can't find some type of gainful employment if coronary artery disease is ruled out.

Finally, Dr. George L. Fischer of the Chesapeake and Ohio Hospital subjected the claimant to the Master Step Test and found that "he does not have any clinical evidence for coronary artery disease * * *" He suggested that the patient was capable of "light and perhaps some medium work" if he was able to find any such work considering his limited education.

At the hearing Mr. Clark King, whose qualifications are contained in the record, testified as a vocational expert. He suggested that the plaintiff was still capable of working as a sanitation truck driver, as a night watchman, as a gas station attendant, and as a male orderly in a hospital.

The medical evidence seems to be in general agreement that the plaintiff is still capable of performing light to medium work. Several common jobs requiring only light to medium effort have been specified by the vocational witness. While it may be that the plaintiff is not capable of working in all of the occupations mentioned by the vocational expert, it does seem that he could work as a night gas station attendant, night watchman, or plant guard. The plaintiff has not borne his burden of proving that he is precluded from all substantial gainful employment. The court expresses sympathy with the plaintiff but it is only able to award benefits when the Secretary's decision is not supported by substantial evidence. The court believes that the denial of benefits is supported by substantial evidence and that summary judgment must be and hereby is granted in favor of the defendant.